PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __NORTHERN__ DISTRICT OF TEXAS

__FORT WORTH__ DIVISION

**FILED**
**July 24, 2023**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

James Bradley Hammond
**PETITIONER**
(Full name of Petitioner)

John M. Wynne State Farm
**CURRENT PLACE OF CONFINEMENT**

vs.

#02183719
**PRISONER ID NUMBER**

BOBBY LUMPKIN, Director, TDCJ-CID

**4-23CV-764-P**

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

☑ A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
☐ Other: _____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __432ND Judicial District Court of Tarrant County, Texas - 50 years__

2. Date of judgment of conviction: __February 27, 2018__

3. Length of sentence: __Fifty (50) years__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __#1509181D__

**Judgment of Conviction or Sentence; Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☒ Jury   ☐ Judge Only

7. Did you testify at trial?  ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?  ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? First Court of Appeals    Cause Number (if known): #01-18-00280-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

   What was the date of that decision? April 09, 2019

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: The evidence was insufficient to support the conviction

   Result: Refused

   Date of result: September 11, 2019   Cause Number (if known): #PD-0432-19

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 432ND Judicial District Court of Tarrant County, Texas

    Nature of proceeding: Post-Conviction/Habeas Corpus

    Cause number (if known): #C-432-W012209-1509181-A/#WR-94,739-01

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: September 15, 2022

Grounds raised: As presented in the foregoing petition

Date of final decision: April 26, 2023

What was the decision? Denied

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☑ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

   (b) Give the date and length of the sentence to be served in the future: N/A

-4-

Have you filed or do you intend to file any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?  ☐ Yes  ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☐ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

–5–

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** Attached hereto

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Attached hereto

B. **GROUND TWO:** Attached hereto

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Attached hereto

C.    **GROUND THREE:** Attached hereto

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Attached hereto

D.    **GROUND FOUR:** Attached hereto

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Attached hereto

21.    Relief sought in this petition: It is rquested that the Judgment & Sentence in all be vacated

-7-

Ground One: Petitioner was deprived of his constitutional rights under the 14TH Amendment to the Untied States Constitution because the prosecution intentional or knowingly suborn false and misleading evidence or testimony, and allowed such testimony to go uncorrected.

Supporting Facts: The record reflects that the Petitioner was charged and convicted for the alleged offense of Possession With Intent To Deliver between 4 to 200 grams of Methamphetamine. During the Petitioner's trial, the prosecution's witness M. McMeans, who was employee with the Fort Worth Police Department, testified that the envelope containing the drugs belonged to the Petitioner because the Petitioner was the resident of the apartment. On the date in question, Susan Thornbrue, was present at the apartment when the Search Warrant was executed by Law Enforcement. Although, Ms. Thornbrue was never charged with an offense related to this incident, during questioning by law enforcement, she informed that the Petitioner did not live at the resident and that the apartment was being rented out. Related to this incident, Lora Elizabeth Slaten, was contacted by Eddie Frankum, who said that he was a Private Investigator, and to her understanding with the Fort Worth District Attorney's Office. Ms. Slaten received an email that contained a copy of the Letter/Envelope addressed to "B. Hammond" that contained the mailing address of 8413 Bellechase Drive, Apartment #1808, Ft. Worth, Texas. Ms. Slaten was informed by Mr. Frankum, that the Letter/Envelope was going to be used as evidence against the Petitioner to show that he lived at the Apartment. Ms. Slaten informed Mr. Frankum, that the Letter/Envelope looked similar to the ones that William Gregory Hammond (Greg) had mailed to her at this address as "B. Hammond," which was short for Barbie Hammond. Since, the Letter/Envelope contained "B. Hammond" on it, it was a Letter/Envelope addressed to her by Greg, and had nothing to do with the Petitioner. The statement provided to Mr. Frankum was never disclosed to the Petitioner. The prosecution knew or should have known that the testimony being provided by its witness, M. McMeans was false and misleading in that the purported envelope containing the drugs belonged to the Petitioner, because the envelope was not addressed to the Petitioner, but instead to B. Hammond.

Ground Two: Petitioner was deprived of his ocnstitutional rights under the 14TH Amendment to the United States Constitution because newly discovered evidence unequivocally shows that the Petitioner is acutally innocemce of the offense charged.

Supporting Facts: The record reflects that the Petitioner was charged and convicted for the alleged offense of Possession of A Controlled Substance with Intent To Deliver, namely Methamphetamine, under Section 481.112(a) of the Texas Health & Safety Code. The prosecution specifically pled in its charging instrument, that: "Petitioner intentionally and knowingly possessed with intent to deliver between four and two hundred grams of a controlled substance, namely, methamphetamine." The evidence presented at the Petitioner's trial unequivocally showed that the Petitioner was not in exclusive possession of the apartment where law enforcement officers' discovered the methamphetamine. The prosecution's witness, M. McMeans, testified that he believed that, dispite the presence of two other people in the apartment at the time of the search, due to the positioning of the Petitioner relative to the methamphetamine and the substantial amount of other drug paraphernalia, the drugs belonged to the Petitioner. It was furthered, that since the evelope had the Petitioner's name on it, this connected the Petitioner to the apartment. Newly discovered evidence consisting of the Affidavit(s) of Susan Thornbrue and Lora Elizabeth Slaten, that was not presented to the jury during the Petitioner's trial, unequivocally shows and/or demonstrates that the Petitioner is actually innocent of the offense charged, that the Petitioner did not have possession of the alleged drugs, or the intent to deliver the alleged drugs alleged to have been found in the apartment. This does not exclude the fact that the testimonial affidavit(s) provides new credible evidence that the apartment where the alleged drugs were found did not own or possess the apartment, or that he was the renter of the apartment, and that the envelope had no connection to the Petitioner. The testimonial evidence provided by Slaten, shows that she received mail at 8413 Bellechase Drive, Apt. #1808, where the alleged drugs were found, that was addressed to her under her alias, "B. Hammond," because she was dating the Petitioner's brother. It is furthered, that she was on the run between 2015 and 2017, and as such, used various addresses, such as the Bellechase address to receive mail. She furthered, that the envelope in this case, that was admitted into evidence against the Petitioner, that contained the name "B. Hammond" on it belonged to her and not to James Bradley Hammond or Brad Hammond. The testimonial evidence provided by Thornbrue, shows that prior to the incident she knew the Petitioner and that he had informed her that he was dating a white blond girl and that he did not live at the appartment, and that she was renting the apartment. She furthered that she has never witnessed the Petitioner with drugs or firearms. (See., State court record - Affidavit(s) of Slaten and Thornbrue). The State never presented in substance any evidence as to who the apartment was leased to.

Ground Three: Peititioner was deprived of his constitutional rights under the 6TH and 14TH Amendments to the United States Constitution becuase he was denied competent and reasonable assistance of counsel during a criminal proceeding.

Supporting Facts: Trial counsel fail to interview and call as witnesses Susan Thornbrue and Lora Elizabeth Slaten, who's testimony was material and vitale the Petitioner's case, and who would have testified at the Petitioner's trial had they been subpoenaed by trial counsel. See., Ground Two regarding the testimonial evidence that would have been presented by the witnesses as incorporated herein by reference thereof. Had trial counsel properly investigated the Petitioner's case, he would have learned of these two witnesses, who would have provided evidence that exculpated the Petitioner from the commission of the alleged offense. Their testimony would have directly impacted the testimony of the prosecution's witness, the belief and speculation that since the Petitioner was in the apartment and due to his positioning relative to the drugs and the substantial amount of other drug paraphernalia, the drugs belong to the Petitioner. The testimony of Slaten and Thornbrue would have simply and clearly undermined the testimony of the prosecution's witness that the alleged drugs belong to the Petitioner, and would have called into question whether the Petitioner occupied the apartment and that such was his residence. Had this evidence been presented to the jury, there remains the possibility that the outcome of the Petitioner's trial would have been different.

Ground Four: Petitioner was deprived of his constitutional rights to Due Process under the 14TH Amendment to the United States Constitution because the evidence is insufficient to support the conviction of the Petitioner for the alleged offense of Possession of A Controlled Substance with Intent To Deliver.

Supporting Facts: The record reflects that the Petitioner was allege offense of Possession of A Controlled Substance with Intent To Deliver, namely Methamphetamine under Section 481.112(a) of the Texas Health & Safety Code. The prosecution specifically pled in its charging instrument, that the Petitioner intentionally and knowingly possessed with intent to deliver between four and two hundred grams of a controlled substance, namely, methamphetamine. Under Texas law, delivery is described in three (3) different ways, (1) Offer To Sell, (2) Constructive Delivery, and (3) Actual Delivery. In the instant case, the indictment did not allege which of the three (3) distinct ways the Petitioner was to have intended to deliver the alleged controlled susbstance, which was an essential element of the offense charged. In review of the sufficency of the evidence, the State is required to plead and prove each and every element of the offense charged, which in this case was the Petitioner's intent to deliver a controlled substance. The record reflects that there is no evidence to support a jury verdict that the Petitioner intended to deliver between four and two hundred grams of a controlled substance by Offer To Sell, Constructive Delivery, or Acutal Delivery. The Petitioner's conviction was premised upon mere speculation that the Petitioner possessed a controlled substance. The evidence presented at trial unequivocally showed that the Petitioner was not in exclusive possession of the apartment where law enforcement officers' discovered the alleged drugs. Evidence showed that there were two (2) other individual present in the appartment, however, the prosecution's chief witness testified that he believed that dispite the presence of two other people in the apartment at the time of the search, due to the positioning of the Petitioner relative to the drugs and the substantial amount of other drug paraphernalia, the drugs belonged to the Petitioner. There was no evidence that linked the Petitioner to the drugs. Neither of the other occupants' alleged that the drugs belonged to the Petitioner, no drugs were found on the Petitioner, and the Petitioner was not under the influence of drugs. Law enforcement officials' found two (2) pipes used to smoke methamphetamine, which were never tested to see if the paraphernalia was connected or linked to the Petitioner. Other than the Petitioner's mere presence at the Apartment there is no evidence that would support a finding that the Petitioner possessed a controlled substance. Speculation is required, and a conviction cannot be premised upon speculation. There is no evidence that affirmatively linked the Petitioner to the alleged drugs, much less to hold that "he" possessed the alleged drugs.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Steve Gebhardt

    (b) At arraignment and plea: Steve Gebhardt

    (c) At trial: Steve Gebhardt

    (d) At sentencing: Steve Gebhardt

    (e) On appeal: Barry A. Alford & Lisa Mullen

    (f) In any post-conviction proceeding: Aaron Spolin

(g) On appeal from any ruling against you in a post-conviction proceeding? ___N/A___

## Timeliness of Petition:

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

    Because newly discovered evidence demonstrates that the Petitioner is Actually Innocent of the offense charge and is entitled to have the constitutional claims considered on the merits under decision announced in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013). See., also Fairman v. Anderson, 188 F.3d 635 (5th Cir. 1999).

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

July 18, 2023 _____ (month, day, year).

Executed (signed) on ___July 18, 2023_____ (date).

/s/ James Hammond
_____
Signature of Petitioner (required)
James Bradley Hammond

Petitioner's current address: ___810 FM 2821, West Hwy. 75, N., Huntsville,___

___Texas, 77349-0005   C/O: John M. Wynne State Farm___

—10—

Tuesday, July 18, 2023

Karen S. Mitchell
Clerk
United States District Court
Northern District of Texas
Fort Worth Division
501 West 10th Street, Rm. #310
Fort Worth, Texas. 76102-3673

                Re: Petition for A Writ of Habeas Corpus
                   Title 28 U.S.C., Section 2254 et seq.

Dear Ms. Mitchell,

    In regards to the above referenced matter, please find enclosed for filing and processing, a Petition for A Writ of Habeas Corpus pursuant to Title 28 U.S.C., Section 2254 et seq.
    If, you have any questions regarding this matter, please feel free to contact me.

    Thank you for your prompt attention and kind assistance in this matter.

Cordially,

/s/ *James Hammond*

James Bradley Hammond
No. #02183719
John M. Wynne State Farm
810 FM 2821, West Hwy. 75, N.
Huntsville, Texas. 77349-0005

encls.
JBH/kmb.
CC:   File.




RECEIVED
JUL 2 4 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

James Bradley Hammond
No. #02183719
John M. Wynne State Farm
810 FM 2821, West Hwy. 75, N.
Huntsville, Texas. 77349-0005

Karen S. Mitchell
Clerk
United States District Court
Northern District of Texas
Fort Worth Division
501 West 10th Street, Rm. #310
Fort Worth, Texas. 76102-3673

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION

X-RAY